CRUZ CERVANTES, APPELLANT, v. THE UNITED STATES.

Upon an appeal from the District Court of the United States for the Northern District of California, where it did not appear, from the proceedings, whether the land claimed was within the Northern or Southern District, this court will reverse the judgment of the District Court and remand the case for the purpose of making its jurisdiction apparent, (if it should have any,) and of correcting any other matter of form or substance which may be necessary.

THIS was an appeal from the District Court of the United States for Northern California.

In February, 1852, Cervantes filed before the board of commissioners to ascertain and settle the private land claims in California, the following claim:

Cruz Cervantes, a citizen of said State, gives notice that he claims, by virtue of a grant from the Mexican nation, a tract of land situated in the county of Santa Clara, in said State, and known by the name of San Joaquin or Rosa Morada, with the boundaries described in the grant thereof, to wit: on one side the arroyo of San Felipe; on the second side, the hills or moun-

tains of San Joaquin; on the third, the arroyo of Santa Anna; and on the fourth, a line drawn through the plain of San Juan.

Said land was conceded to claimant by a grant issued on the 1st day of April, 1836, by Don Nicolas Gutienez, superior political chief *ad interim* of California, and thereby authorized to grant lands in the name and on behalf of the Mexican nation. On the 18th February, 1841, judicial possession was given to claimant by Juan Miguel Anzar, Judge of First Instance of that jurisdiction.

Said land has been occupied by claimant, according to law and the directions contained in said grant, and is now held by him in quiet possession.

There is no conflicting grant to said land, or any part thereof, in the knowledge of claimant.

Said land has never been surveyed, but its boundaries are natural and well known, and may be easily traced. It is supposed to contain the quantity of two sitios de ganado mayor, more or less.

A copy and translation of said grant, and a copy of said act of judicial possession, are herewith presented, and the originals are ready to be produced and proved, as may be required.

On the 3d of August, 1852, Commissioner *Harvy J. Thornton* delivered the opinion of the board, declaring the claim valid.

In July, 1853, the following notice was issued:

CRUZ CERVANTES, claimant, *vs.* UNITED STATES.
ATTORNEY-GENERAL'S OFFICE,
*Washington, D. C. July* 11*th,* 1853.

You will please take notice, that the appeal in the above case from the decision of the commissioners, to ascertain and settle the private land claims in the State of California to the District Court of the United States, for the Northern District of California, will be prosecuted by the United States.

C. CUSHING,
*Attorney-General United States.*
To the Clerk of the District Court of the United States
  for the Northern District of California, San Francisco.

At a special term of the District Court of the United States of America, for the Northern District of California, held at the court-house in the city of San Francisco, on Monday, the 31st day of October, in the year of our Lord one thousand eight hundred and fifty-three.

Present, the honorable Ogden Hoffman, Jr., District Judge.

THE UNITED STATES, appellants, *v.* CRUZ CERVANTES, appellee.

This cause coming on to be heard at the above stated term, on appeal from the final decision of the commissioners to ascer-

tain and settle private land claims in the State of California, under the act of Congress, approved 3d of March, 1851, upon the transcript of the proceedings and decision, and the papers and evidence on which said decision was founded; and it appearing to the court that said transcript has been duly and regularly filed in pursuance of the 12th section of the act of Congress, approved August 31st, 1852.

And the argument of counsel for the United States and for the claimant being heard, it is ordered, adjudged, and decreed that the decision of the said commissioners be in all things reversed and annulled; and that the said claim be held invalid and rejected.

(Signed.)           OGDEN HOFFMAN, JR.,
                       *U. S. District Judge.*

Cervantes appealed from this decree to this court, which appeal was allowed.

It was argued by *Mr. William Carey Jones*, for the appellant, when

Mr. Justice McLEAN delivered the following opinion of the court.

It does not appear, from the proceedings before the District Court, that the land claimed is within the Northern Judicial District of California. This is necessary to give that court jurisdiction. It can exercise no power over any claim, where the land lies in the Southern Judicial District of the same State.

This court has often held, unless the jurisdiction of the Circuit or District Court appear in the record, the judgment of such court may be reversed on a writ of error. It is therefore important, that in dealing with land titles, the jurisdiction of the inferior court should appear in the proceeding.

From a map of the State of California, recently published, it appears the land claimed in this case lies in the Southern District, and if so, no jurisdiction attached to the court where the proceeding was instituted.

For the purpose of correcting the proceeding in this respect, the decision of the District Court is reversed, and the cause is remanded to that court with leave to amend the proceeding in regard to the jurisdiction of the District Court, and to any other matter of form or substance which may be necessary.

*Order.*

This cause came to be heard on the transcript of the record from the District Court of the United States for the Northern District of California, and it not appearing therefrom that the

land claimed is within the Northern Judicial District of California, it is, on consideration thereof now here ordered and decreed by this court that the decree of the said District Court in this cause be, and the same is hereby reversed, and that this cause be, and the same is hereby remanded to the said District Court, with leave to amend the proceedings in regard to the jurisdiction of the said District Court, and also in regard to any other matter of form or substance which may be necessary.